IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | * |
| **MERRI SIMPSON TABOR** | *    **CHAPTER 7** |
| a/k/a JAMIE SIMPSON TABOR, | * |
|       Debtor | * |
| | *    **CASE NO. 1:09-bk-05277MDF** |
| **CHARLES A. BIERBACH, Ch. 7 Trustee,** | * |
|       Objectant | * |
| | * |
|       v. | * |
| | * |
| **MERRI SIMPSON TABOR,** | * |
|       Respondent | * |

## OPINION

Merri Simpson Tabor, also known as Jamie Simpson Tabor, ("Debtor") filed a claim of exemption in an Individual Retirement Account ("IRA") that she inherited from her mother. The Chapter 7 trustee, Charles A. Bierbach, Esquire (the "Trustee"), objected, alleging that an inherited IRA may not be exempted under either Pennsylvania law or the Bankruptcy Code. The parties have stipulated to the relevant facts, and the only issue is whether Debtor's inherited IRA may be claimed as exempt under 11 U.S.C. § 522(b)(3). For the reasons set forth below, the Trustee's Objection will be overruled.[1]

### I. Factual and Procedural History

Debtor filed her Chapter 7 petition on July 9, 2009. She elected the exemptions available under 11 U.S.C. § 522(b)(3), which includes property exempt under state law. One asset she

---

[1]The Trustee also objected to Debtor's "entireties exemption" in her residence and in a mutual fund that she jointly holds with her husband. Because Debtor listed two unsecured creditors holding joint claims against her and her husband, the Trustee asserted that he could pursue joint assets to satisfy these claims. Debtor does not dispute the Trustee's assertion, but argues that his claim be limited to the aggregate amount of the allowed claims of these two creditors. The Trustee, in turn, does not dispute that his claim would be so limited.

claimed as exempt was an IRA account valued at $105,102.15. On Schedule C, she specified that the law authorizing the exemption was 11 U.S.C. § 522(b)(3)(A) and 42 Pa. C.S. § 8124(b)(1)(viii).[2]

The IRA in dispute was funded by Debtor's mother, Bernice Simpson ("Mrs. Simpson"). At her death on June 27, 2004, at the age of 79, Mrs. Simpson was the owner of four IRA accounts. Each account named Debtor and her brother as co-beneficiaries. Following her death, the four accounts were divided between the surviving beneficiaries. The funds being held for Debtor's benefit were transferred by the custodian to an inherited IRA account that listed Debtor as the beneficiary.[3] Between September 15, 2004 and May 3, 2007, Debtor took eleven distributions totaling $132,300 from the account. On the date of the petition, her inherited IRA was valued at $105,102.15. Debtor has not taken any post-petition distributions from this account.

The Trustee filed an objection, observing that Debtor was asserting an exemption in an IRA under Pennsylvania law, 42 Pa. C.S. § 8124(b)(1)(ix), and "11 USC § 522(b)(3)(A )or presumably 11 USC §533(b)(3)(C)." Because the account was an inherited IRA, the Trustee asserted that the funds were not exempt under either the Bankruptcy Code or under Pennsylvania law. Debtor responded in her answer that the language of the Pennsylvania exemption was broader than the applicable federal exemption, but alleged, alternatively, that the account was

---

[2] Debtor claimed the IRA as exempt under subparagraph (viii), however, the parties agree that reference should have been made to subparagraph (ix). All future citations to the Pennsylvania statute will reference 42 Pa C.S. § 8124(b)(1)(ix).

[3] The financial institution currently holding Debtor's inherited IRA is not named in the record, but the parties filed a stipulations stating that "[a]s of the date of her bankruptcy petition, Debtor's inherited IRA account was titled,"MLPF&S CUST FBO Bernice Simpson DECD IRRA FBO Jamie Ellen Tabor."

2

exempt under § 522(b)(3)(C). The parties have filed briefs, and the matter is now ready for decision.[4]

## II. Discussion

On the date that a case is commenced under the Bankruptcy Code, an estate is created consisting of all assets listed in the debtor's schedules. 11 U.S.C. § 541(a). "The debtor then may remove some of the property by claiming exemptions under 11 U.S.C. § 522(b). Anything properly exempted passes through bankruptcy; the rest goes to the creditors." *In re Brooks*, 393 B.R. 80, 84 (Bankr. M.D. Pa. 2008) (citing *Payne v. Wood*, 775 F.2d 202, 204 (7th Cir.1985)). Bankruptcy exemptions are to be liberally construed in favor of the debtor. *In re Reschick*, 343 B.R. 151, 156 (Bankr. W.D. Pa. 2006). Unless a party in interest objects to the claim, the exemption is presumed to be valid. *See* 11 U.S.C. § 522(l). Under Fed. R. Bankr. P. 4003(c), a party objecting to a debtor's claim of exemptions "has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr. P. 4003(c).

*A. Exemptions Available Under 11 U.S.C. § 522(b)(3)*

In most situations, a Pennsylvania debtor may claim property as exempt under either § 522(b)(2) or § 522(b)(3). Although the reference is not completely accurate, exemptions under § 522(b)(2) are referred to as "federal exemptions" and exemptions available under § 522(b)(3) are referred to as "state exemptions." By selecting exemptions under § 522(b)(3), Debtor was entitled to exempt property under three categories: (1) property exempt under non-bankruptcy federal law and state law, § 522(b)(3)(A); (2) property held as a tenant by the

---

[4] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A),(E) and (O). This Opinion constitutes findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052, which is applicable to contested matters under Fed. R. Bankr. P. 9014.

3

entireties or as a joint tenant if the property was exempt from process under non-bankruptcy law, § 522(b)(3)(B); and (3) retirement funds exempt from taxation under sections 401, 403, 408, 408A, 414, 457, and 501(a) of the Internal Revenue Code of 1986 ("IRS Code"), § 522(b)(3)(C).[5]

In her answer to the Trustee's objection, Debtor bases the claim of exemption on both 11 U.S.C. § 522(b)(3)(C) and 42 Pa. C.S.A. § 8124(b)(1)(ix). The Pennsylvania statute provides, in relevant part, as follows:

> (b) Retirement funds and accounts.
>
> (1) . . . the following money or other property of the judgment debtor shall be exempt from attachment or execution on a judgment:
> . . . .
> (ix) Any retirement or annuity fund provided for under section 401(a), 403(a) and (b), 408, 408A, 409 or 530 of the Internal Revenue Code of 1986 (Public Law 99-514, 26 U.S.C. § 401(a), 403(a) and (b), 408, 408A, 409 or 530), the appreciation thereon, the income therefrom, the benefits or annuity payable thereunder and transfers and rollovers between such funds.

42 Pa. C.S.A. § 8124(b)(1)(ix). The state statute exempts "any retirement or annuity fund" from process if it is "provided for" in specified sections of the IRS Code.

The parties have stipulated that the only section of the IRS Code relevant to the issue in this case that is referenced in both the Pennsylvania exemption statute and in § 522(b)(3)(C) is § 408. Section 408(d)(1) provides that "any amount paid or distributed out of an individual retirement plan shall be included in gross income by the payee or distributee . . . ." 26 U.S.C.

---

[5] If Debtor had claimed the federal exemptions under §522(b)(2), which incorporates the property listed under § 522(d), she would have sought to exempt her inherited IRA under § 522(d)(12), which exempts "[r]etirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." This language is identical to the "state exemption" under § 522(b)(3)(C).

4

§ 408(d)(1). Section 408(d)(3) provides that a distribution is not included in gross income if the distribution received is paid into a qualified IRA (or "rolled over") within sixty days of the date the funds are received by the taxpayer. 26 U.S.C. § 408(d)(3). A "rollover" is a tax-free distribution of cash or other assets by the account owner from one qualified retirement plan to another plan. *See Individual Retirement Arrangements, (IRAs),* Department of the Treasury, Internal Revenue Service, Publication 590 ("IRS Publication 590"), at 20. Rollover contributions are entitled to favorable tax treatment under the IRS Code because they are treated as if they were original contributions by the employee, i.e., they are not taxed until distribution. 26 U.S.C. § 402(c).

In certain respects, inherited accounts are treated differently by the IRS Code than accounts that were established and funded by an individual with her employment earnings ("an ordinary IRA"). An inherited IRA is one in which the account beneficiary acquired the account because of the death of another person who was not the beneficiary's spouse. 26 U.S.C. § 408(d)(3)(C). An IRA acquired by reason of the death of a non-spouse owner cannot be treated as the account of the beneficiary. *See* IRS Publication 590, at 20. But like the original owner of the IRA, a non-spouse beneficiary is not taxed on the assets in the IRA until the beneficiary begins to take distributions from the account. *Id.* The beneficiary is not treated as having received a taxable distribution if the funds in the decedent's IRA are transferred from the account trustee directly to another account trustee without the IRA beneficiary exercising control over the funds. *Jankelovits. v. C.I.R.*, 2008 WL 5330811 (U.S. Tax Court 2008).

Unlike the spouse of a decedent, a non-spouse beneficiary cannot make contributions to an inherited IRA, and the funds cannot be "rolled over" into or out of the account. 26 U.S.C. § 408(d)(3)(C). A beneficiary who is not a surviving spouse may make withdrawals at any time, without penalty, and must take distributions from the IRA within one year under a specified actuarial table or withdraw the entire amount within five years. See 26 U.S.C. §§ 401(a)(9)(B)(ii), 402(c)(11)(A)(iii), 408(a)(6). *See also* IRS Publication 590, at 37.

In the case before me, the parties agree that Debtor acquired the asset in question as a result of the death of her mother and that it is an "inherited IRA" under the IRS Code.[6] Thus, Debtor may not make contributions to the IRA, nor may she roll over funds from a qualified plan into the inherited IRA. Debtor argues that, nevertheless, she may exempt her inherited IRA because 42 Pa. C.S. § 8124(b)(1)(ix) only requires that an IRA be *provided for* under § 408, not that it be entitled to the same tax treatment as an ordinary IRA. Under Debtor's reasoning, the mere reference to § 408 is sufficient to create an exemption from process under Pennsylvania law.

As the language of 42 Pa. C.S. § 8124(b)(1) clearly states, Pennsylvania exemption statutes are applicable in situations outside of bankruptcy, such as state court proceedings for

---

[6]Debtor's position regarding the issue of the "inherited" status of the account apparently changed between the time she filed her answer to the Trustee's objection and the time she filed her brief. Her answer "denie[s] that she actually 'inherited' the account from the estate" of her mother. "Rather, the Debtor was designated as a beneficiary on that account by [her mother] during her lifetime. The account was therefore not a probate asset 'inherited' by the Debtor." (Debtor's Answer, p. 2, ¶ 12.) However, Debtor's brief acknowledges that "[t]he IRA account was not funded by Debtor from earnings from employment, but was an IRA account owned by Debtor's late mother . . . on which the Debtor was listed as a named beneficiary. The Debtor's IRA account is thus an 'inherited individual retirement account' under . . . § 408, in that the Debtor . . . 'acquired such account by reason of the death of another individual' who was not Debtor's spouse." (Debtor's Brief, p. 2, ¶ 7).

6

attachment or execution on a judgement. Considerations of comity dictate that I defer to state courts for the interpretation of Pennsylvania law. *See In re Granoff*, 242 B.R. 216, 220 (Bankr. D. Conn. 1999). However, I was unable to locate any state court decision on the issue of whether inherited IRAs are exempt from process under Pennsylvania law. Although I may construe state law, I am reluctant to do so if this case can be resolved on other grounds. Because I have determined that Debtor's inherited IRA is exempt under § 522(b)(3)(C), I need not determine whether Debtor's inherited IRA is exempt under 42 Pa. C.S. § 8124(b)(1)(ix).

   *B. Uniform Treatment of IRAs Under § 522 (b)(2) and (b)(3)*

   A number of courts have wrestled mightily with the language of the IRS Code and its interplay with various state exemption statutes. *Compare In re Jarboe*, 365 B.R. 717 (Bankr. S.D. Tex. 2007) (inherited IRA "is not a retirement plan" because beneficiary can take distributions at will without penalty; therefore IRA was not exemptible under Texas law), *In re Sims*, 241 B.R. 467, 470 (Bankr. N.D. Okla. 1999) (inherited IRA not exemptible from bankruptcy estate under Oklahoma exemption statute because the IRS Code "places an entirely different set of rules upon the use, distribution and taxation" of its funds than originating account), *In re Navarre*, 332 B.R. 24 (Bankr. M.D. Ala. 2004) (inherited IRA is "sufficiently different" from regular IRA so as to preclude exemption from bankruptcy estate under Alabama law.) Each of these courts has delved deeply into the IRS Code and IRS rules to discern the difference between an inherited IRA and an ordinary one. Either because the case arose prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8 (2005)("BAPCPA") or because the application of the exemption available under § 522(b)(3)(C) was not raised, none of these courts addressed the expanded protection afforded

7

to IRAs by the changes to the Bankruptcy Code through the enactment of BAPCPA.

In 2005, Congress clarified and expanded the exemption status of certain retirement plans established under provisions of the IRS Code. To protect individuals in states that had opted out of the federal exemption scheme, the exemption provisions of § 522(b)(3) were added to include retirement funds to the extent that the funds were in an account exempt from taxation under specified sections of the IRS Code, without a determination of whether the funds were "reasonably necessary for support of the debtor or the debtor's dependents." 11 U.S.C. § 522(b)(3)(C). *See* House Report No. 109-31, Pt. 1, 109th Cong., 1st Sess, 63-64 (2005).[7] This subparagraph protects retirement funds to the same extent that they are protected under the federal exemptions, specifically § 522(d)(12) as incorporated by § 522(b)(2). This increased protection is afforded not only to an IRA account created by the debtor, but also extends to accounts that are transferred directly between trustees (e.g., inherited accounts) and to roll over distributions. 11 U.S.C. § 522(b)(4)(C), (D). Whether or not Congress realized that inherited accounts were "trustee to trustee" accounts, the language of § 522(b)(4)(C) is unambiguous and applies to inherited accounts whether state or federal exemptions are claimed.

*C. Inherited IRAs Qualify as Retirement Funds Exempt from Taxation under 26 U.S.C.*

---

[7]Before the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA"), debtors in states that had opted out of the federal exemptions had to look to state law provisions for the exemption of IRAs. Debtors choosing federal exemptions could exempt their IRAs under § 522(d)(10)(E), but only to the extent that the funds were "reasonably necessary for the support of the debtor or any dependent of the debtor." 11 U.S.C. § 522 (d)(10)(E) (2005). Under current law, IRAs claimed as exempt under § 522(b)(3)(C) or § 522(d)(12) are subject to a $1 million cap, unless "the interests of justice" would support a greater amount. BAPCPA affords equal treatment to debtors filing in opt-out states and, because of the high cap, have reduced the number of trustee challenges to exemption claims of IRA accounts.

8

*§408*

A recent decision by the Bankruptcy Appellate Panel ("B.A.P.") for the Eighth Circuit interpreting the application of the federal exemption scheme to inherited IRAs is helpful in analyzing whether the same instruments may be exempted under the state exemptions. In *In re Nessa*, 426 B.R. 312, 315 (B.A.P. 8th Cir. 2010), the B.A.P. for the Eighth Circuit addressed the issue of whether a debtor's inherited IRA qualified as exempt under § 522(d)(12). In *Nessa*, the debtor's father died approximately four months before she filed her chapter 7 petition. The debtor was named as an account beneficiary on an IRA account funded through her father's employment earnings. Before the debtor filed her petition, she made a trustee-to-trustee transfer of the funds in the IRA. In her bankruptcy petition, she claimed the inherited account as exempt under § 522(d)(12). The Chapter 7 trustee objected to the exemption, arguing that the term "retirement funds" in § 522(d)(12) referred exclusively to funds that a debtor earned through employment and contributed to an IRA in anticipation of retirement. The B.A.P. disagreed.

The *Nessa* court found that for an IRA to be exempt under § 522(d)(12), it must meet only two requirements: "(1) the amount the debtor seeks to exempt must be retirement funds; and (2) the retirement funds must be in an account that is exempt from taxation under one of the provisions of the [IRS Code]" specified in § 522(d)(12). *Id.* at 314. The B.A.P. concluded that the debtor's inherited IRA satisfied both requirements, rejecting the trustee's assertion that "to retain their status as retirement funds . . . , the contents of the inherited account would have to have been contributed by the Debtor or be part of the Debtor's retirement plan." *Id.* In its decision, the B.A.P. noted that since the passage of BAPCPA , the only other court to address whether inherited IRAs could be exempted under § 522(d)(12) concluded that they did not qualify for the exemption. A Texas bankruptcy court determined that inherited IRAs were not

9

"retirement funds" because inherited IRAs were subject to restrictions under the IRS Code that did not apply to ordinary IRAs. *In re Chilton*, 426 B.R. 612 (Bankr. E.D. Tex. 2010) *cited in In re Nessa*, 426 B.R at 315 n.3. The B.A.P. found the *Chilton* court's conclusion to be erroneous for several reasons, most significant of which was the bankruptcy court's failure to consider that its holding rendered meaningless the inclusive provisions of § 522(b)(4)(C).

The Trustee in the case before me makes a similar argument to that of the Chapter 7 trustee in *Nessa*.[8] I find these arguments to be unpersuasive for the same reasons. As the B.A.P. observed, "the Trustee's definition of retirement funds would impermissibly limit the statute beyond its plain language." *Id.* at 314. "Section 522(d)(12) requires that the account be comprised of retirement funds, but it does not specify that they must be the *debtor's* retirement funds." *Id.* (emphasis in original). Distinctions made by the Trustee between the tax treatment of inherited IRAs and ordinary IRAs, while accurate, are not significant to the Court's determination. Both types of accounts are exempt from taxation, which is all that is required by § 522.

### III. Conclusion

Because the exemption provisions for IRAs are the same whether a debtor chooses federal or state exemptions, it is appropriate to apply the *Nessa* court's reasoning to the instant case. Debtor may exempt the funds in her inherited IRA because, like an ordinary IRA, the funds

---

[8] I note that the Trustee filed a supplemental brief in this case specifically to bring to my attention the *Nessa* decision, even though it was not favorable to his position. For whatever consolation it may be to the Trustee, I was aware of the *Nessa* decision before he filed his supplemental brief. Nonetheless, the Trustee is to be commended for his conscientious compliance with Rule 3.3(a)(2) (Candor Toward the Tribunal) of the Pennsylvania Rules of Professional Conduct.

10

were deposited in the original custodial account as retirement funds, and they are exempt from federal taxation until the funds are withdrawn.

An appropriate Order will be entered.

By the Court,

*Mary D France*
Chief Bankruptcy Judge

Date: August 12, 2010